IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CANTON, OHIO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-61747 |
| CATHERINE A. DENARO, | : | CHAPTER 7 |
| Debtor. | : | BANKRUPTCY JUDGE RUSS KENDIG |
| | : | ADV. PROC. NO. 16-06016 |
| ANNE PIERO SILAGY, TRUSTEE 1225 S. Main Street Suite 1 North Canton, Ohio 44720, | : | |
| Plaintiff, | : | |
| v. | : | **MOTION FOR JOINDER** |
| AMANDA L. LUDWICK 406 4th Street, N.E. Massillon, Ohio 44646 | : | |
| Defendant | : | |

COMES NOW Defendant, Amanda L. Ludwick, by and through counsel, and respectfully requests that this Honorable Court:

1. Join Catherine A. Denaro as a defendant in the above captioned proceeding; and

2. Join Scott Duensing as a defendant to the above captioned proceeding; or

3. Shape and alter the relief requested by Plaintiff against Defendant Amanda L. Ludwick to a maximum of $2,855.25.

The grounds and justifications for such requests are contained and provided in the accompanying memorandum of support.

# MEMORANDUM OF SUPPORT

1. The above captioned complaint is an adversary proceeding pursuant to the provisions of Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has Subject Matter Jurisdiction over this matter and all potential parties, pursuant to 28 U.S.C. § 157 (a), as this motion is related to, or arose under, a Title 11 case. This District is the proper venue for this matter and all potential matters, pursuant to 28 U.S.C. § 1409 (a), as this motion is related to, or arose under, a Title 11 case pending in this Court.

2. Rule 7019 of the Federal Rules of Bankruptcy Procedure provides that Rule 19 of the F.R.Civ.P. applies in adversary proceedings, except for when the court does not have Subject Matter Jurisdiction or when the court is not the proper venue for hearing the case. Rule 19 of the F.R.Civ.P. provides, in the relevant part, that:

   > "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
   > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
   > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   > \*\*\*
   > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

3. And:
   > "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."

4. And:
   > "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
   > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
   > (2) the extent to which any prejudice could be lessened or

>avoided by:
>\*\*\*
>(B) shaping the relief; or
>(C) other measures;"

5. Rule 7020 of the Federal Rules of Civil Procedure provides that Rule 20 of the F.R.Civ.P. applies in adversary proceedings. Rule 20 of the F.R.Civ.P. provides, in the relevant part, that:

   >"Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
   >(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

6. Debtor Catherine A. Denaro was the only owner of, and had the physical possession of, a 2012 Jeep Wrangler, which she traded in to receive partial payment on both a 2008 Subaru Outback and a 2009 Subaru Forester. Both vehicles were then placed in Defendant Amanda L. Ludwick's name, with the Defendant maintaining possession of the Outback, to which she has a secured loan and used approximately $2,855.25 of the trade-in value for, and with Scott Duensing maintaining possession of the Forester.

*BRANCH ONE: CATHERINE A. DENARO:*

7. The Defendant incorporates herein, as if fully rewritten, the preceding paragraphs of this Motion.

8. Catherine A. Denaro must be joined as a defendant, pursuant to Rule 7019, in the present case as, in her absence, the Court cannot accord complete relief amongst the existing parties, and, as she has an interest relating to the vehicles in question, her absence would lead to

Defendant Amanda L. Ludwick incurring inconsistent obligations above and beyond whatever benefit she may have received.

9. In the alternative, Catherine A. Denaro should, at the courts discretion, be joined as a defendant, pursuant to Rule 7020, in the present case as all questions of law and fact in this case apply equally to all defendants, and any potential right to relief can be asserted against both and arose from the same occurrence and transactions.

*BRANCH TWO: SCOTT DUENSING:*

10. The Defendant incorporates herein, as if fully rewritten, the preceding paragraphs of this Motion.

11. Scott Duensing must be joined as a defendant, pursuant to Rule 7019, in the present case as, in his absence, the Court cannot accord complete relief amongst the existing parties, and, as he has an interest and substantial insider benefit from this transfer, and relating to the vehicles in question, his absence would lead to Defendant Amanda L. Ludwick incurring inconsistent obligations above and beyond whatever benefit she may have received.

12. In the alternative, Scott Duensing should, at the courts discretion, be joined as a defendant, pursuant to Rule 7020, in the present case as all questions of law and fact in this case apply equally to all defendants, and any potential right to relief can be asserted against both and arose from the same occurrence and transactions.

*BRANCH THREE: SHAPING OF RELIEF:*

13. The Defendant incorporates herein, as if fully rewritten, the preceding paragraphs of this Motion.

14. Defendant Amanda L. Ludwick received approximately $2,855.25 in trade-in value from the Debtor trading in her vehicle, this value was an insider benefit. This was the sole benefit

received by Mrs. Ludwick, and any additional benefits or values were received by either the Debtor or by Mr. Duensing.

15. To continue the claim for the entirety of the benefit and trade in value against Mrs. Ludwick would be both inequitable and in bad conscience, and would prejudice the Defendant by resulting in an award far in excess of any benefits received. This Court should use its discretion, pursuant to Rule 7019, to modify and shape the relief requested to be only that which the Defendant received, approximately $2,855.25.

*CONCLUSION:*

16. The Defendant incorporates herein, as if fully rewritten, the preceding paragraphs of this Motion.

17. For the foregoing reasons, this Court should: join Catherine A. Denaro and Scott Duensing, as co-defendants, to the above captioned complaint as required parties pursuant to Rule 7019; or, in the alternative, join Catherine A. Denaro and Scott Duensing, as co-defendants, to the above captioned complaint as permissive parties pursuant to rule 7020; or, in the alternative, shape the relief requested to a maximum of $2,855.25, the amount that Defendant Amanda L. Ludwick actually received in benefit.

    Respectfully submitted,

    __/s/ Kenneth L. Sheppard, Jr._____
    Kenneth L. Sheppard, Jr. (0075887)
    Sheppard Law Offices, Co., L.P.A.
    4450 Belden Village Street, NW, Ste. 200
    Canton, Ohio 44718
    Phone: (330) 409-2876
    Fax: (614) 882-6750
    E-Mail: ken@sheppardlawoffices.com
    Attorney for Defendant Amanda L. Ludwick

# CERTIFICATE OF SERVICE

I certify that on May 2, 2016 a true and correct copy of Defendant's Motion for Joinder and Notice of Motion was served:

Via the Court's Electronic Filing System on these entities and individuals who are listed in the Court's Electronic Mail Notice List:

**Bruce R. Schrader, II**         bschrader@ralaw.com
**United States Trustee**         (Registered address)@usdoj.gov
**Kenneth L. Sheppard Jr.**       ken@sheppardlawoffices.com

And on May 2, 2016 by regular U.S. Mail, postage prepaid, to:

| Amanda L. Ludwick | Catherine A. Denaro | James Galehouse |
| --- | --- | --- |
| 831 Walnut Rd. SW | 731 Meridian St. | 401 W. Tuscarawas St. #400 |
| Massillon, OH 44647 | Mishawaka, IN 46544 | Canton, OH 44702 |

Anne Piero Silagy
1225 S. Main St.
Suite 1
North Canton, OH 44720

                                                            **/s/ Kenneth L. Sheppard, Jr.**
                                                            Kenneth L. Sheppard, Jr. (0075887)
                                                            Attorney for Defendant Amanda L. Ludwick

## NOTICE OF MOTION FOR JOINDER

**Kenneth L. Sheppard, Jr., attorney for the Defendant,** has filed a motion with the court to **JOIN** parties to your case.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**If you do not want the Court to JOIN these parties to your case, or if you want the Court to consider your views on this MOTION, then on or before MAY 16, 2016, you or your attorney must file with the Court an objection at:**

>United State Bankruptcy Court
>Ralph Regula Federal Building
>401 McKinley Ave., S.W.
>Canton, Ohio 44702

**You must also mail a copy to:**
>Kenneth L. Sheppard, Jr.
>4450 Belden Village Street, NW, Ste. 200
>Canton, Ohio 44718

If you or your attorney do not take these steps, the Court may decide that you do not oppose this Motion for Joinder, and may enter an order granting the motion.

>      /s/ Kenneth L. Sheppard, Jr.
>Kenneth L. Sheppard, Jr. (0075887)
>Attorney for Defendant Amanda L. Ludwick