**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:51 PM May 25, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CATHERINE A. DENARO, | ) | CASE NO. 15-61747 |
| | ) | |
| Debtor. | ) | ADV. NO. 16-6016 |
| _____ | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| AMANDA L. LUDWICK, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Defendant Amanda L. Ludwick moved to join two other parties as defendants in this adversary proceeding. Plaintiff opposes the motion, arguing joinder of the two individuals is unnecessary.

    The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(H) and the court has authority to issue final entries. Venue in this district is

appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## **BACKGROUND**

The complaint alleges that the debtor, Catherine A. Denaro ("Debtor") transferred a 2010 Jeep Wrangler to her daughter, the defendant ("Defendant"), in December 2015, within a year of the petition date, without receiving equivalent value. In the present motion, Defendant asserts Debtor transferred a 2012 Jeep Wrangler in trade for two other vehicles, a 2008 Subaru Outback and a 2009 Subaru Forester, which were both titled to Defendant. Defendant alleges that she had possession of the Outback, which she financed with a loan and $2,855.25 of the trade-in value of the Jeep Wrangler, and Scott Duensing ("Duensing") took possession of the Forester. She seeks to join Debtor and Duensing into the action or to "modify and shape the relief requested" by Plaintiff. (M. Joinder ¶ 15, ECF No. 9) Plaintiff, the chapter 7 trustee, finds such joinder unnecessary.

## **DISCUSSION**

Under Federal Rule of Bankruptcy Procedure 7019, adopting Federal Civil Rule 19 into bankruptcy practice, if a person is subject to service of process and joinder will not defeat the court's subject matter jurisdiction, the court "must" join the party when

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendant claims that Debtor must be made a party because otherwise the court cannot afford complete relief and, if not joined, Defendant could suffer inconsistent obligations. Alternatively, Defendant asks for Debtor to be permissively joined under Federal Rule of Bankruptcy 7020. That rule provides, in applicable part

> (2) *Defendants*. Persons . . . may be joined in one action as defendants if:
>    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Bankr.Pro. 7020.

I. **Mandatory joinder**

The decision to join an indispensable party under Rule 7019 involves is a three step analysis. Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). First, the court determines whether the person is a necessary party under Rule 19(a). Id. (citation omitted). If the person is necessary, then the court next determines whether joinder is feasible from a jurisdictional perspective. Id. (citation omitted). If jurisdiction would be disrupted, the court must explore whether dismissal is appropriate because the party is indispensable. Id. (citations omitted); Fed.R.Bankr.Pro. 7019(b).

In this action, Debtor is not a necessary party. First, the court can accord complete relief between the existing parties, the chapter 7 trustee of the bankruptcy estate and the transferee, Defendant. The action seeks to recover the value that Defendant received, without fair consideration in return, of the transfer of the Jeep. Joining Debtor will not add or subtract to the relief requested. Second, when Debtor transferred the Jeep to Defendant, she did not retain an interest in the vehicle. When a transferor completely relinquishes an interest, s/he is not an indispensable party in a fraudulent transfer action. Still v. Hopkins (In re Hopkins), 494 B.R. 306 (Bankr. E.D. Tenn. 2013). Additionally, her property interests have become property of the estate, which trustee represents, and recovery of any interest inures to the benefit of the estate. 11 U.S.C. §§ 541, 550. Debtor's joinder under Rule 7019 is not necessary.

Defendant also seeks to join Duensing, an alleged co-benefactor of Debtor's transfer. He also is not a necessary party under Rule 7019. Again, the court can afford complete relief in this proceeding without his participation. Defendant suggests that because he may have also received a benefit from the transfer, he must be joined in this action. The court does not agree. Defendant is only liable for amounts she received from the transfer for less than reasonably equivalent value. If she did not receive the full benefit of the transfer, it is a question of proof. While the value of any interest Scott Duensing received from the transfer would bear on the relief, it does not mean that the court is unable to provide a remedy in this case without him. And he has not claimed an interest in this proceeding. Consequently, Duensing is not a necessary party to this action.

II. **Permissive Joinder**

The purpose of Rule 20 is to promote judicial economy. Patrick Collins, Inc. v. John Does 1-21, 282 F.R.D. 161 (E.D. Mich. 2012) (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)). Joinder is generally favored: "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties, joinder of claims, parties and remedies is strongly encouraged." Ohio v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1239 (S.D. Ohio 1994) (citing United Mined Workers v. Gibbs, 383 U.S. 715, 724 (1966)). The court exercises its discretion in deciding whether to permit joinder under

Rule 20. Id. (citation omitted).

Defendant has misunderstood the reach of Rule 20. It is not an opportunity to force a plaintiff to sue other defendants. It is intended to consolidate separate actions into one action for convenience and efficiency. The court denies the relief on this basis.

As Plaintiff notes, she can bring a separate action against Duensing. She may have valid reasons for not suing him. Contrary to Defendant's contention that "all questions of law and fact in this case apply equally to all defendants," there is factual difference. Defendant states that the Jeep was traded on two Subaru vehicles, one for her and one for Scott Duensing but she admits both of the Subarus were titled to her. This distinction creates an additional hurdle for Plaintiff in recovering from Duensing. It requires Plaintiff to prove that Debtor transferred an equitable interest to Duensing. And there is no relief that Plaintiff can take against Debtor in this fraudulent transfer action.

### III. Fashioning alternative relief

If joinder is denied, Defendant requests the court limit Plaintiff's relief against Defendant to $2,855.25, the amount she alleges the trade-in provided on the Subaru that benefitted her. Again, the court sees this is a question of proof. Defendant has not provided any basis in law for the court to modify the relief requested in Plaintiff's complaint in this manner.

The court will deny Defendant's motion for joinder by separate order.

#   #   #

**Service List:**

Bruce R. Schrader, II
Roetzel & Andress
222 S Main Street
Suite 400
Akron, OH 44308

Kenneth L. Sheppard, Jr
Sheppard Law Offices Co LPA
2600 Tiller Lane
Suite A
Columbus, OH 43231